# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RITA GONZALES LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2079 |
| | § | |
| CRYSTAL FIELDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Rita Gonzales Lopez sued Crystal Fields and her employer, Performance Contractors, Inc., alleging that Lopez was injured in an accident involving the vehicle she was driving and a vehicle driven by Crystal Fields. Lopez alleged that the accident occurred when Fields was "in the course and scope" of her employment with Performance Contractors.

In the state court petition, Lopez did not allege any dollar amount of damages. She asserted that she had incurred medical expenses for personal injuries sustained in the accident. She sought to recover past medical expenses; future medical expenses; damages for pain and anguish; past lost wages; and damages for loss of earning capacity. Defendants removed on the basis of diversity jurisdiction. Lopez does not challenge diversity, but moves to remand on the basis that the amount in controversy is less than $75,000. (Docket Entry No. 6). Defendants responded, pointing out that

Lopez had demanded $100,000 to settle the case and had refused to stipulate that the damages would not exceed $75,000.

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441, including an action between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A court may determine the amount in controversy from the face of the complaint. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If the plaintiff has alleged a sum that exceeds the amount in controversy, that amount controls if made in good faith. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). If the plaintiff's complaint does not allege a specific damage amount, the removing party bears the burden of establishing the existence of the jurisdictional amount in controversy. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 188 (1936); *Garcia*, 351 F.3d at 638–39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *Manguno*, 276 F.3d at 723. For a federal court to decline federal removal diversity jurisdiction on the basis that the amount in controversy is inadequate, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury*, 303 U.S. at 288); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy is

determined as of the time of removal. *Manguno*, 276 F.3d at 723; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Lopez's motion to remand acknowledges the $100,000 demand, which supports an amount in controversy that is more than the jurisdictional minimum. *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994). Lopez's motion also states that the past medical expenses are $21,091 and that the economic damages – presumably past lost wages – are approximately $25,000. Lopez also seeks damages for mental anguish, past and future; future medical expenses; and future lost earnings. On this record, defendants have met their burden; this court cannot conclude that it is a legal certainty that the claim is for less than $75,000.

The motion to remand is denied.

SIGNED on July 28, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge